ACCEPTED
12-14-00274-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/29/2015 2:54:30 PM
CATHY LUSK
CLERK

**NO ORAL ARGUMENT REQUESTED**

CAUSE NO. 12-14-00274-CR

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

5/29/2015 2:54:30 PM

CATHY S. LUSK
Clerk

IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

---

BRANDON KEIONE WILLIAMS
Appellant

vs.

THE STATE OF TEXAS,
Appellee

---

Appeal in Cause No. 31599
On Appeal from the Third Judicial District Court
of Anderson County, Texas

---

BRIEF FOR APPELLANT

---

Philip C. Fletcher
Texas Bar No. 00787478
800 North Mallard
Palestine, Texas 75801
Telephone No.: (903) 731-4440
Facsimile No.: (903) 731-4474
Email: fletchlaw@yahoo.com

ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

                                                                        PAGE NO.
Table of Contents..........................................................................................................2

List of Authorities.........................................................................................................3

Appearances................................................................................................................4

Address to the Court....................................................................................................5

Statement of the Case.................................................................................................6

Issues Presented.........................................................................................................7

Statement of Facts.......................................................................................................8

Summary of the Argument.........................................................................................12

Argument, Point of Error........................................................................................... 13

Prayer.........................................................................................................................15

Certificate of Compliance - Texas Rules of Appellate Procedure 9.4 (i) (3) 14..............16

Certificate of Service..................................................................................................17

# LIST OF AUTHORITIES

**CASES:**                                                                      PAGE NO.

*Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966)....................................................13

*Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682 (1980)........................................14

*Wolf V. State*, 917 S.W.2d 270 (Tex.Crim.App. 1996)...................................................13


**STATUTES:**                                                                   PAGE NO.

Texas Code of Criminal Procedure Article 15.17 ........................................................13

Texas Code of Criminal Procedure Article 15.22 ........................................................13

Texas Code of Criminal Procedure Article 38.21 ........................................................13

Texas Code of Criminal Procedure Article 38.22 ........................................................13

Texas Constitution, Article I Sec. 19, Texas Due Process Clause..............................13

United States Constitution, Fifth Amendment...............................................................13

## APPEARANCES

Pursuant to *Rule 38.1 (a)*, Texas Rules of Appellate Procedure, Appellate provides a complete list of all parties and names and addresses of Counsel:

Trial Defendant:      Brandon Keione Williams

Trial Defendant's Counsel:      Colin D. McFall
Attorney at Law
617 East Lacy Street, Suite 106
Palestine, Texas 75801-2965
Telephone:   (903) 723-1923
Facsimile:    (903) 723-0269

Trial State's Counsel:      Stanley Sokolowski
Anderson County Assistant District Attorney
500 North Church Street
Palestine, Texas 75801
Telephone:(903) 723-7400
Facsimile:    (903) 723-7818

Appellant:      Brandon Keione Williams

Appellant's Counsel:      Philip C. Fletcher
Attorney at Law
800 North Mallard Street
Palestine, Texas 75801
Telephone:   (903) 731-4440
Facsimile:    (903) 731-4474

Appellee's Counsel:      Allyson Mitchell and Scott Holden
Anderson County District Attorney's Office
500 North Church Street
Palestine, Texas 75801
Telephone:(903) 723-7400
Facsimile:    (903) 723-7818

CAUSE NO. 12-14-00274-CR


IN THE
COURT OF APPEALS
TWELFTH DISTRICT OF TEXAS
TYLER, TEXAS

---

BRANDON KEIONE WILLIAMS
Appellant

vs.

THE STATE OF TEXAS,
Appellee

---

Appeal in Cause No. 31599
On Appeal from the Third Judicial District Court
of Anderson County, Texas

---

BRIEF FOR APPELLANT

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW, BRANDON KEIONE WILLIAMS, hereinafter referred to as Appellant, and submits this Brief in support of the Appellant's request that judgment rendered in Cause Number 31599 be reversed.

5

## STATEMENT OF THE CASE

Appellant was indicted in Cause Number 31599 with the offense of Evading Arrest or Detention with a Vehicle. This offense was alleged to have occurred on November 9, 2013, in Anderson County, Texas. Appellant pled not guilty to these charges. On August 19-20, 2014, this case was tried to a jury. The jury found Appellant guilty of the charge. On August 20, 2014, the Court assessed Appellant's punishment for Cause Number 31599 at seven (7) years in the Texas Department of Criminal Justice. On September 19, 2014, Appellant timely gave his Notice of Appeal to this Honorable Court. Appellant now timely files this Brief in support of the Appellant's request that the judgment rendered in Cause Number 31599 be reversed.

## ISSUES PRESENTED

**Point of Error**: The Trial Court abused its discretion in allowing the admission of certain questions and statements of Appellant that were made while Appellant was in custody in violation of his Fifth Amendment right against self-incrimination.

## STATEMENT OF FACTS

**POINT OF ERROR:**

The State first called Johnny Gorden, a former patrol deputy for the Anderson County Sheriff's Department. He worked for the Anderson County Sheriff's Department for three and a half years and was on patrol at the time of the arrest. He was driving a marked sheriff's car with working lights and sirens. (R.R. Vol. 3., Pgs. 9-11) Officer Gorden was working the 10:45 p.m. to 7:15 a.m. shift and he was patrolling the Elkhart, Texas area of Anderson County. (R.R. Vol. 3., Pg. 12) Officer Gorden originally saw the red Cadillac and noticed their registration sticker was expired as he passed him. He attempted to initiate a stop at that time but was unable to get turned around in time because of the traffic in that area. (R.R. Vol. 3., Pgs. 12-13) Approximately, 20 minutes later Officer Gorden noticed the same vehicle and in addition to the expired registration sticker the Cadillac was speeding, according to his radar. (R.R. Vol. 3., Pgs. 13) Officer Gorden turned the car around and caught up to the car at the intersection of 287 and 294 in Elkhart. The Cadillac made a left turn onto 287 heading towards Palestine, Texas. At that time, Officer Gorden attempted to initiate a stop. He turned on his overhead lights and sirens to gain the driver's attention. At one point the driver appeared to be pulling to the side of the road to stop but moved back over into the lane and continued driving. (R.R. Vol. 3., Pgs. 15-16) Officer Gorden stated that they drove from Elkhart to Palestine with the lights and sirens on the whole time and maintained the speed limit. When Officer Gorden got to Palestine, Officer Weston joined the pursuit behind Officer Gorden. (R.R. Vol. 3., Pgs. 16-17) Once the Cadillac reached the Palestine city limits, the driver increased his speed. Officer Gorden maintained pursuit from a distance after the Cadillac avoided an

8

accident with a truck at the Walmart intersection of Loop 256. He explained that he was unable to radar the driver but stated that he reached speeds of 127-135 during the pursuit. (R.R. Vol. 3., Pgs. 18-19) At one point, Officer Gorden lost sight of the Cadillac when he was coming up a hill and the Cadillac was down towards the railroad tracks.. Once Officer Gorden topped the hill, he saw smoke and debris and noticed the vehicle had ran through two to three storage buildings and came to a stop. Officer Gorden approached the vehicle, both doors were closed, and he saw movement in the vehicle. The passenger side door opened and a black male stepped out. Officer Gorden commanded the man to get on the ground. The man turned and looked at him and began to run. (R.R. Vol. 3., Pgs. 20-21) Officer Gorden stopped and made sure no one else was in the vehicle and began to run after the black male. A Palestine Police Department unit noticed Officer Gorden was chasing the suspect and joined in the chase. They were able to restrain the suspect, later identified as Brandon Williams, in the back yard of a residence. (R.R. Vol. 3., Pg. 22) Officer Gorden then placed the suspect under arrest. Officer Gorden attempted to identify him and took him back to the scene of the accident. The suspect refused to be treated by EMS. (R.R. Vol. 3., Pg. 23)

Officer Gorden placed Mr. Williams under arrest. Office Gorden asked Mr. Williams why he ran. In response to this, Mr. Williams asked why he was he pulled over. (R.R. Vol. 3., Pg. 24) Officer Gorden explained that he was speeding and had a expired registration sticker. Continuing in his response to Officer Gorden's question, Mr. Williams asked Officer Gorden if he would have let him go. Officer Gorden said if he had a good driver's license and no warrants, he would have let him go. Then Mr. Williams stated he had a warrant and that's why he did not stop. Mr. Williams told Officer Gorden he was not the

9

driver of the vehicle and Officer Gorden stated that he saw him get out of the vehicle and he was the only one in the vehicle. Officer Gorden then asked Mr. Williams what the warrant was for. (R.R. Vol. 3., Pgs. 25-26) Officer Gorden was asked again if he had placed Mr. Williams under arrest and he said yes. While under arrest Officer Gorden admits that its possible he asked Mr. Williams why he ran. Officer Gorden stated that he was aware that if someone has been placed under arrest there certain steps that have to be taken and the interrogation is the be recorded. However, Officer Gorden admits that when he was asking Mr. Williams that they were too far away from the vehicle for the conversation to be recorded, via body microphone, etc.. Officer Gorden then explained that it was not in his report but that he may have asked Mr. Williams why he ran. With everything that was going on, he could not remember. (R.R. Vol. 3., Pgs. 27-29)

The judge stated that the question Officer Gorden asked while Mr. Williams was under arrest will be objectionable. The judge advised Officer Gorden that he could only testify to the questions that were asked of him. However, Colin McFall, Appellant's trial attoerney, brought up the fact that Officer Gorden's original answer was "yes, I asked him a question." It was clear Mr. Williams was under arrest at that time. This shows custodial interrogation and at that point Mr. McFall requests that all statements made by Mr. Williams after that point be disregarded. The questions and answers at the scene are custodial interrogation. The Court explains that there is not a custody issue, the question is whether or not it's an interrogation issue. The Court confirms the prior ruling that Officer Gorden may answer regarding questions asked of him, but not questions asked by him. (R.R. Vol. 3., Pgs. 30-32) The State explains that there is a statement that Mr. Williams ran because he had a parole warrant. He wants that statement admissible under Article 404B. Mr.

10

McFall objects to it being admissible under Article 38.22, Section 3(a), stating it is also overly prejudicial. Mr. McFall advised the court that it is unlikely that Mr. Williams would not just volunteer that he had a parole hold. However, he would give that in response to a question from Officer Gorden. (R.R. Vol. 3., Pg. 33) After Mr. McFall asked Officer Gorden additional questions, Officer Gorden stated he could not remember when he asked him why he ran. (R.R. Vol. 3., Pgs. 34-35)

Once the jury is present again, Officer Gorden explained that he placed Mr. Williams under arrest in the back yard of the residence and Mr. Williams asked why he was pulled over. Officer Gorden advised for speeding and expired registration. He stated that Mr. Williams then told him he had a warrant for his arrest. Officer Gorden stated he placed Mr. Williams under arrest for Evading Arrest with a Vehicle, Speeding, Evading on foot, No Driver's license, and the warrant that had been issued. (R.R. Vol. 3., Pgs. 36-38)

## SUMMARY OF THE ARGUMENT

The Trial Court abused its discretion in allowing the admission of certain questions and statements of Appellant that were made while Appellant was in custody in violation of his Fifth Amendment right against self-incrimination.

An admission or a statement inculpating a declarant but not one which acknowledges guilt made under custodial interrogation by an agent of the State is presumed to be coerced and involuntary and in violation of a person's Fifth Amendment right against self-incrimination unless *Miranda* warnings are given.

In the present case, Appellant was in custody. He had been placed under arrest. Appellant was also the subject of interrogation. He was asked by the officer the question, "Why did you run?" The warnings required by Miranda and The Texas Code of Criminal Procedure were never given. Every statement or question given by Appellant at the scene after this interrogatory is inadmissible and should have been excluded by the Trial Court.

The Trial Court abused its discretion by allowing the admission of evidence in violation of Appellant's Fifth Amendment right against self-incrimination. As a result, this Court must reverse the judgment.

12

## ARGUMENT
## POINT OF ERROR

The Trial Court abused its discretion in allowing the admission of certain questions and statements of Appellant in violation of his Fifth Amendment right against self-incrimination.

An admission or a statement inculpating a declarant but not one which acknowledges guilt made under custodial interrogation by an agent of the State is presumed to be coerced and involuntary and in violation of a person's Fifth Amendment right against self-incrimination unless *Miranda* warnings are given. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966). *Miranda* warnings find constitutional support in the Texas Constitution. Article I Sec. 19, Texas Due Process Clause states that " No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." *See Wolf V. State*, 917 S.W.2d 270 (Tex.Crim.App. 1996). Furthermore the Texas Code of Criminal Procedure Article 38.21 states that a statement of an accused cannot be admitted unless it can be shown "that the same was freely and voluntarily made without compulsion or persuasion, under the rules hereafter prescribed." These rules mentioned are found in Article 15.17 and Article 38.22 of the Texas Code of Criminal Procedure. They basically require the same warnings found in *Miranda*.

Before these warnings are required, an individual must be in custody and the subject of interrogation. Article 15.22 of the Texas Code of Criminal Procedure says that an individual "is arrested when he as been actually placed under restraint or taken into

13

custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant." Interrogation is express questioning or actions intended to elicit a response. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682 (1980).

In the present case, Appellant was in custody. He had been placed under arrest. Appellant was also the subject of interrogation. He was asked by the officer the question, "Why did you run?" The warnings required by Miranda and The Texas Code of Criminal Procedure were never given. Every statement or question given by Appellant at the scene after this interrogatory is inadmissible and should have been excluded by the Trial Court.

After the illegal custodial interrogation, Appellant asked the officer why he was getting pulled over and if he would have pulled over would he have gotten a warning. He also told the officer he did not stop because he had a warrant. All of these inculpatory statements were made in response to custodial interrogation by an agent of the State without the proper warnings and are presumed to be coerced and involuntary and in violation of Appellant's Fifth Amendment right not to incriminate himself. Appellant's questions and statements were the only direct evidence that placed Appellant behind the wheel of the vehicle. Without this improperly admitted evidence, the State would have had difficulty meeting their burden of proof in this matter.

The Trial Court abused its discretion by allowing the admission of evidence in violation of Appellant's Fifth Amendment right against self-incrimination. As a result, this Court must reverse the judgment.

## PRAYER

For the above and foregoing reasons, Appellant prays that Appellant's conviction in Cause No. 12-14-00274-CR, appealed in Cause No. 31599 from the Third Judicial District Court of Anderson County, Texas, be reversed.

Respectfully submitted,

PHILIP C. FLETCHER
Attorney for Appellant

15

## CERTIFICATE OF COMPLIANCE
## TEXAS RULES OF APPELLATE PROCEDURE 9.4(i)(3)

I certify that according to the Microsoft Word program's word-count function, the brief filed in this matter contains 1,938 words excluding the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of issues presented, signature, proof of service, certification and certificate of compliance.

Respectfully submitted,
PHILIP C. FLETCHER
800 North Mallard
P. O. Box 252
Palestine, Texas 75802
Tel: (903) 731-4440
Fax: (903) 731-4474

By:_____
PHILIP C. FLETCHER
State Bar No. 00787478
Attorney for Appellant

16

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Brief has been delivered by facsimile (903) 723-7818 to Allyson Mitchell and Scott Holden, Anderson County Criminal District Attorney's Office, Attorney for Appellee, Anderson County Courthouse, 500 North Church Street, Palestine, Texas 75801, on this the 29th day of May, 2015.

_____
PHILIP C. FLETCHER

17